51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony CROWELL, Plaintiff-Appellant,
v.
John THOMAS, Warden; Shannon McReynolds, Manager,
Defendants-Appellees.
 No. 94-2155.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff appeals from an order of the district court dismissing his complaint brought pursuant to 42 U.S.C. Sec. 1983. Plaintiff alleged civil rights violations relating to confiscation of personal property, food service deficiencies and dangers, and threats to petitioner's life. The named defendants are defendant Thomas, director of the penitentiary, and defendant McReynolds, manager of the penitentiary. Petitioner appeals on the grounds that the district court erred in dismissing the petition and alleges constitutional infirmities relating to property confiscation, contamination of food, threats, and injuries from food service. We AFFIRM.
 
 
 2
 Petitioner's allegations in this civil rights complaint all relate to his treatment while he was incarcerated and particularly when he was moved from the Central New Mexico Correctional Facility to the North Facility. He alleges that his property was confiscated, that the food service was inadequate and caused injury, and that he feared for his life because of threats and other conditions in the facility.
 
 
 3
 We agree with the district court that petitioner has failed to allege any facts that would show personal involvement by defendants Thomas or McReynolds in the allegations relating to his personal property and to the food service. With respect to the claim on danger from other inmates, the record makes clear that plaintiff was placed in administrative segregation to protect him from such assaults, but that he seeks now to return to the general population or to have some other arrangement made for his safety. These facts and the other facts alleged with respect to the petitioner's concern for his safety do not constitute a constitutional deprivation under either the Due Process Clause or the Eighth Amendment. See Harris v. Maynard, 843 F.2d 414, 416 (10th Cir.1988). We AFFIRM the dismissal of the civil rights complaint for substantially the reasons given by the district court.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470